**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 22-cr-414 (JEB)** |
| **v.** | : | |
| | : | |
| **ANDREW JOHNSON,** | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in connection with the above-captioned matter. For the reasons set forth herein, the government requests that this Court sentence defendant Andrew Johnson to 18 months of incarceration, 12 months of supervised release, a fine of $2,336, and $500 in restitution.[1]

### I.     Factual and Procedural Background

To avoid unnecessary exposition, the government refers to prior court filings and summaries of:

- the attack on the U.S. Capitol, s*ee* ECF No. 1-1 (Affidavit in Support of Criminal Complaint), at 1–2;

- Defendant Johnson's role in the January 6, 2021 attack on the Capitol, including breaching the U.S. Capitol Building through a broken window, encouraging other rioters, belligerently accosting police officers, and rioting for over four hours stopping only due to arrest, *see* ECF No. 51 (Government's Sentencing Memorandum), at 3–8;

---

[1] The government previously requested that this Court sentence defendant Andrew Johnson to 12 months of incarceration, 12 months of supervised release, a fine of $2,336, and $500 in restitution.

- Defendant Johnson's statements on social media, including referring to himself as an "American Terrorist" and "Proud j6er," communicating threats with firearms in violation of his release conditions, prolifically spreading false information, and calling for a second January 6, 2021, *see id.* at 9–11.

- Defendant Johnson's non-compliance with his release conditions, ranging from, *inter alia*, possession of Cyclobenzaprine, a controlled substance, driving under the influence, resisting an officer, retail theft, and failing to check in with the Pretrial Services Agency for the District of Columbia ("PSA"), *see id.* at 16; [2] and

- Defendant Johnson's violations of this Court's Protective Order by unlawfully retaining and disseminating Sensitive and Highly Sensitive discovery materials and using such information to promote false theories and endanger others, *see* United States' Motion to Show Cause for Violations of the Protective Order and Release Conditions, Revoke Release Pending Sentencing, and Supplement Sentencing Memorandum, filed under seal on July 29, 2024, Factual Background, Sections I & II.

## II.     Statutory Penalties, the Sentencing Guidelines, and Guidelines Analysis

By unlawfully retaining and disseminating Highly Sensitive discovery materials in violation of Court order, Defendant Johnson has now obstructed the administration of justice and is subject to a two-level upward adjustment at sentencing. *See* U.S.S.G. § 3C1.1 ("(1) the defendant willfully obstructed or impeded or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction,

---

[2] Since filing the Government's Sentencing Memorandum, PSA identified two additional violations of Defendant Johnson's release conditions for failing to check in with PSA.  ECF No. 52 (July 8, 2024 violation); ECF No. 57 (July 22, 2024 violation).

and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.").

Johnson willfully obstructed or impeded or attempted to obstruct or impede the administration of justice. First, Defendant Johnson "threaten[ed], intimidate[ed], or otherwise unlawfully influenc[ed] a . . . witness . . . directly or indirectly" or attempted to do the same. *See* U.S.S.G. § 3C1.1, cmt. n.4(A). Defendant Johnson released the names of four FBI special agents, who had worked on Defendant Johnson's case. This was not mere benign mention of special agents who worked on his case. Defendant Johnson is promoting false theories that January 6, 2021 was staged by the government while simultaneously releasing the names of special agents. The release of their names endangers them and their investigations. The fact that this occurred after Defendant Johnson pleaded guilty is immaterial. *See United States v. Sandoval*, 74 F.4th 918, 923 (8th Cir. 2023) (affirming sentence where obstruction adjustment was applied due to post-plea conduct).

Second, Defendant Johnson's violation of this Court's Protective order is akin to one of the specific examples listed in the commentary to U.S.S.G. § 3C1.1: "failing to comply with a restraining order or injunction issued pursuant to 21 U.S.C. § 853(e)." *See* U.S.S.G. § 3C1.1, cmt. n.4(J).

Therefore, the appropriate offense level computations for Count One and Count Two are calculated as follows:

Count One: 18 U.S.C. § 1752(a)(1)
| | | |
|---|---|---|
| Base Offense Level | U.S.S.G. §2B2.3(a) | +4 |
| Specific Offense Characteristics | U.S.S.G. §2B2.3(b)(1)(A) | +2 |
| Obstruction of Justice | U.S.S.G. § 3C1.1 | +2 |
| **Total Offense Level** | | **+8** |

Count Two: 18 U.S.C. § 1752(a)(2)
| | | |
|---|---|---|
| Base Offense Level | U.S.S.G. §2A2.4(a) | +10 |
| Obstruction of Justice | U.S.S.G. § 3C1.1 | + 2 |
| **Total Offense Level** | | **+12** |

Accordingly, his total offense level is **12** and his Guidelines imprisonment range is 12 to 18 months.

### III.     Sentencing Factors Under 18 U.S.C. § 3553(a)

Johnson's additional misconduct relates to five 18 U.S.C. § 3553 sentencing factors: (a)(1) (characteristics of the defendant), (a)(2)(A) (promote respect for the law), (a)(2)(B) (afford adequate deterrence), (a)(2)(C) (protect the public), and (a)(6) (avoid unwarranted sentence disparities).

#### A.  Defendant Johnson's History and Characteristics

Defendant Johnson has a long criminal history and has been in non-compliance with his conditions of release. Defendant Johnson's most recent, egregious violation of this Court's Protective Order confirms his current unwillingness to conform to court directives and consider rehabilitation in light of his criminal conduct at issue in this case.

#### B.  The Need to Promote Respect for the Law

Defendant Johnson's flagrant disregard for this Court's authority also undermines the rule of law. Not only did Defendant Johnson disseminate Highly Sensitive materials, but he also thumbed his nose at the fact that he was flouting this Court's Protective Order. By concurrently disseminating Highly Sensitive material as well as correspondence that confirmed the Highly Sensitive nature of the material itself, Defendant Johnson promoted disrespect for this Court and the law. Nor does the content of such material truly matter. In this context, there existed a process to litigate the scope of protected material—a process the defendant understood and agreed to—and yet, the defendant did not care. That level of defiance alone is worthy of additional consideration and punishment.

### C.  The Need for the Sentence to Afford Adequate Deterrence

Throughout the January 6, 2021 prosecution, law enforcement officers and many other persons have been targeted, attacked, and harassed.[3] This Court must fashion a sentence to protect the public from further crimes of Defendant Johnson, who may be in unauthorized possession of additional Highly Sensitive materials. While Defendant Johnson is entitled to believe what he wants, his astonishing lack of remorse, and attempts to undermine the crimes that he pled guilty to in the first instance, suggests that he has not been adequately deterred from such future conduct.

With regards to general deterrence, Defendant Johnson's actions may embolden other January 6, 2021 defendants and criminal defendants broadly to disregard court orders. Defendant Johnson's social media posts in question include hashtags and tags to specific people to broaden his audience. Indeed, Defendant Johnson encouraged other January 6, 2021 defendants to use the information he illegally broadcasted and normalized the flouting of court orders.  Again, regardless of content, such disrespect should not be tolerated.

### D.  The Need to Avoid Unwarranted Sentence Disparities

The government previously highlighted three comparable cases to show that the prior recommended sentence of 12 months incarceration was appropriate: *United States v. Nassif*, 21-cr-421 (JDB), *United States v. Ballenger*, 21-cr-719 (JEB), and *United States v. Rivera*, 21-cr-60 (CKK). *See* ECF No. 51 at 20–23.  However, given Defendant Johnson's recent, continuous, and egregious violations, this Court should look to comparable cases where there are violations of

---

[3] *See, e.g.*, Erun Salam, *Virginia home of mother of January 6 police officer swatted*, THE GUARDIAN (May 29, 2024), available at https://www.theguardian.com/us-news/article/2024/may/29/jan-6-capitol-officer-mother-swatted; Diana Paulsen and Ryan J. Reilly, *Ray Epps, a Jan. 6 defendant 'scapegoated' by far-right media, sentenced to probation*, NBC NEWS (Jan. 9, 2024), available at https://www.nbcnews.com/politics/justice-department/ray-epps-jan-6-defendant-scapegoated-far-right-media-sentenced-probati-rcna132837.

protective orders contrary to release conditions, offenses based on violations of protective orders, and criminal histories with violations of protective orders.

In *United States v. Rogers*, 760 F. App'x 604 (10th Cir. 2019), the defendant had pleaded guilty to two counts of bank fraud, served the custodial portion of his sentence, and had begun his term of supervised release. During his supervised release, Rogers committed a state crime by violating a state protective order and state law, when he contacted and assaulted a former romantic partner. The district court revoked Rogers' supervised release and sentenced him to an additional 24-month sentence, an upward variance from the Guidelines range of 12 to 18 months. The 10th Circuit affirmed the sentence. While it is true that Defendant Johnson has not directly and physically harmed law enforcement witnesses or others, his pattern of misconduct during his release is analogous to *Rogers*. Defendant Johnson violated his conditions of release, by disobeying a federal protective order and communicating thinly veiled threats.

Courts have varied upward in instances where the underlying offenses was based on violations of protective orders. *See, e.g.*, *United States v. Prince*, 2024 U.S. App. LEXIS 18477, at *2-3 (10th Cir. 2024) (unpublished) (upholding variance based on protective order offense). Courts have also varied upward when defendants' criminal histories include violations of protective order. *See United States v. Gutierrez*, 463 F. App'x 821, 822 (11th Cir. 2012) (unpublished) (upholding upward variance where defendant pleaded guilty to one count of illegal reentry after deportation but had been previously convicted of violating a protective order).

### IV.    Alternative Upward Variance Under 18 U.S.C. § 3553(b)

Should this Court not apply §3C1.1, this Court should alternatively vary upwards to the government's recommended sentence.[4] An upward variance is appropriate when "the defendant's conduct was more harmful or egregious than the typical case represented by the relevant Sentencing Guidelines range." *United States v. Murray*, 897 F.3d 298, 308–09 (D.C. Cir. 2018) (cleaned up). Indeed, the 18 U.S.C. § 3553 sentencing factors counsel in favor of such a variance.

First, Defendant Johnson's actions risk the safety of FBI special agents, confidential information, and a reporter. Defendant Johnson has, in essence, attempted to "dox" these individuals by publicly providing personal identifiable information with the hopes that others improperly use such information. Moreover, Defendant Johnson's actions deter persons—law enforcement or civilian—from providing information during the course of criminal investigations. Defendant Johnson's goal was to engage his online community of followers in a harassment campaign of others.  This warrants punishment.

Second, Defendant Johnson's intent is clear: he wishes to publicly flout the dignity and authority of this Court. Defendant Johnson did not just disseminate materials covered by an existing protective order. He did so along with emails from the government emphasizing that such materials were designated as Highly Sensitive pursuant to this Court's Protective Order. Consequently, he has not only knowingly violated the Protective Order, but has done so with apparent pride.

---

[4] Because Defendant Johnson pleaded guilty to four separate counts, the Court can achieve a sentence greater than the statutory maximum of any one count by running sentences consecutively. *See* U.S.S.G. § 5G1.2(d).

## V.      Conclusion

When considering all of the factors set forth in §3553(a), the Court should impose a within-Guidelines sentence of 18 months of incarceration, 12 months of supervised release, a fine of $2,336, and $500 in restitution. Such a sentence protects the community, promotes respect for the law, and deters future crime by imposing restrictions on Defendant Johnson's liberty because of his behavior.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

*/s/ Pavan S. Krishnamurthy*
PAVAN S. KRISHNAMURTHY
Assistant United States Attorney
D.C. Bar No. 252831
601 D Street NW
Washington, DC 20001
(202) 252-7862
pavan.krishnamurthy@usdoj.gov

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney
Pennsylvania Bar No. 320922
601 D St., NW
Washington, D.C. 20001
(202) 252-7012
rebekah.lederer@usdoj.gov