```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2

 3    UNITED STATES OF AMERICA,    ) CRIMINAL ACTION NO.:
                                   ) 22-0414-JEB
 4              Plaintiff,         )
           vs.                     )
 5                                 )
      ANDREW JOHNSON,              ) Washington, D.C.
 6                                 ) February 22, 2024
                Defendant.         ) 10:32 a.m.
 7    _____) Via: Zoom

 8

 9                 Transcript of Status Conference
                Before the Honorable James E. Boasberg
10                    United States District Judge

11

12    APPEARANCES:

13    For the Government: Rebekah Lederer, Esquire
                          U.S. Attorney's Office
14                        601 D Street NW
                          Washington, DC 20001
15

16    For the Defendant:  David A Howard, Esquire
                          David A. Howard, P.A
17                        25 S.E. 2nd Ave.
                          Suite 1105
18                        Miami, FL 33131

19

20

21    Reported by:        Christine T. Asif, RPR, FCRR
                          Official Court Reporter
22                        United States District Court
                          for the District of Columbia
23                        333 Contitution Avenue, NW
                          Washington, D.C., 20001
24                        (202) 354-3247

25    Proceedings recorded by machine shorthand; transcript produced
      by computer-aided transcription
```

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  Good morning.  We're here today for a
 3   status hearing in criminal action 22-414, the United States of
 4   America versus Andrew Johnson.
 5            Beginning with counsel for the Government, please
 6   state your name for the record.
 7            MS. LEDERER:  Good morning, Your Honor.  Rebecca
 8   Lederer on behalf of the United States.
 9            THE COURT:  Good morning.
10            MR. HOWARD:  Good morning, Your Honor.  David Howard
11   on behalf of Mr. Andrew Johnson, who is present.
12            THE COURT:  Okay.  Good morning, Mr. Howard and Mr.
13   Johnson.  Can you see and hear me okay?
14            THE DEFENDANT:  Yes, Judge.
15            THE COURT:  All right.  So Mr. Howard, I understand
16   we've got a change of plan here; is that correct?
17            MR. HOWARD:  We do, Your Honor.  And it is coming
18   with a petition to the Court for an extension to prepare.  And
19   this is -- I find myself in an awkward position, because this
20   is an unorthodox matter and I have treated it in a slightly
21   unorthodox way, to the extent that we were -- we are four
22   hours away by travel, most of the review that we have done has
23   been remote.  We have been on the phone for countless hours
24   discussing legal issues and factual issues.
25            But there is one matter in particular that
```

1  Mr. Johnson had asked me to address a long time ago.  And I
2  had addressed predecessor counsel for the Government, which
3  was a phone that appears to have been seized.  But there was
4  no follow up by me, and it has become an issue for him
5  recently, within the last -- since I announced to the Court
6  that we were taking a plea.  And I do take full responsibility
7  for not obtaining it and reviewing it with him thoroughly.
8        Between the fact that we were so geographically
9  remote and the fact that it was a misdemeanor trespass and I
10 thought we were going to resolve it, I let that matter fall
11 through the cracks.  And Mr. Johnson is insistent on reviewing
12 something in particular he believes to be on the phone and
13 would like the opportunity to do that, which of course we
14 wouldn't have the opportunity to obtain it and do it by a
15 Monday trial date.
16        THE COURT:  So does the government have the phone,
17 Mr. Howard?
18        MR. HOWARD:  Yes, they do have it.  And it's not
19 that the government has refused to give it, it kind of just
20 tapered off my efforts to obtain it.  There's some information
21 that I have received, but I don't believe I have a full
22 download phone, not one that I can access in any (Inaudible.)
23        THE COURT:  Ms. Lederer, what's going on with that?
24        MS. LEDERER:  Your Honor, Mr. Howard late yesterday
25 informed us that his client wanted a full download of the

1  phone.  So AUSA Krshnamurthy and I looked into whether or not
2  that existed, because a scoped version of -- what we thought
3  was a scoped version had been passed to Mr. Howard.  Turned
4  out the phone had never been cracked and what has been scraped
5  off the phone is a partial download.  So Mr. Howard has
6  everything that the government currently has.  That's all that
7  exists.  There's no full download.
8          So if Mr. Howard wants the full phone there would be
9  a few options, because the phone has never been cracked.
10 Mr. Johnson could give us the passcode, we could crack the
11 phone, do a full download, the government gets the download
12 and the defense can get the download and the phone back if he
13 signs a consent form.  That's just kind of where we are.
14 There is no -- there is a phone, but there is no full unscoped
15 download because the phone was never cracked.
16         THE COURT:  Okay.  So, Mr. Howard, do you -- what's
17 your plan in that regard?
18         MR. HOWARD:  Your Honor, I would like to -- I mean,
19 the problem is with the -- I'm moving for a continuance, the
20 question is how much is appropriate.  And I want to be clear
21 on that point a finger at the government for any kind of
22 dereliction.  I take responsibility for this, because this is
23 something that Mr. Johnson had asked to obtain a while back.
24 It just never got done because I thought we were headed in a
25 direction of a misdemeanor plea.

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1            And I'm not quite sure, you know, when we look at
2    these cell phones and they're cracked in their entirety or we
3    see from the amount of data that's masked, the number that
4    Mr. Johnson would like me to ask for and which seems
5    reasonable is 60 days.  The only problem with that is that I'm
6    scheduled for trial in just about 60 days.  So I would be
7    asking for 90.  I understand that it is a major ask under the
8    circumstances, but I'm making it nonetheless.
9            THE COURT:  Okay.  Well, maybe what we should do is
10   have a breakout and you can tell me ex parte what is on this
11   phone that's so important that we need to delay the trial
12   that's been set for quite a while in a case that we're -- a
13   misdemeanor case where the defendant was charged 14 months
14   ago.
15           All right, what we'll do is we'll put the government
16   in a breakout room, please, Nicole.
17           Ms. Lederer, you should have the -- Okay.  She's got
18   it.
19           (Sealed ex parte proceeding redacted.)
20           (The following proceedings were had in open court.)
21           THE COURT:  Okay.  Ms. Lederer is back.
22           All right.  So I've heard, Ms. Lederer, what
23   potential defense is that requires the phone, but what -- the
24   only thing seems the defense wants is video from the phone.
25   So -- but you have not been able -- have you been able to

1  obtain that, Ms. Lederer, or not?

2  MS. LEDERER: Your Honor, not knowing the specific
3  video that the defendant is requesting, I can't answer that
4  fully. My guess is that if it's not on the partial dump that
5  was given to defense then it may still be on the phone. But
6  when the phone was plugged in, the passcode has not been
7  cracked by the machine yet, so there's only that partial dump,
8  scrape, extraction.

9  THE COURT: Okay. So then, Mr. Howard, what do
10  you -- are you intending to give the government your client's
11  password so they can open the phone and then download the
12  video and make that available to you?

13  MR. HOWARD: Well, the -- that sounds like the only
14  option at this point. And it's not something that occurred to
15  me, I thought it had been cracked but just not produced. I
16  mean, I will explain to Mr. Johnson that it's we're either
17  going to give it up or extend the time for it to be cracked,
18  which would be pointless. So I suspect if he remembers what
19  his passcode is, I will be advising him to provide it
20  immediately so that the process can --

21  THE COURT: Okay. Well, you don't need to say it on
22  the hearing, Mr. Johnson, but do you remember what your
23  passcode is?

24  THE DEFENDANT: I've got about three that --
25  THE COURT: Okay. All right. So then what's the

1   government's position then on continuing the trial so that
2   this can be provided?
3           MS. LEDERER:  Your Honor, the government would
4   object to a continuance.  Again, this is us not knowing the
5   video that Defendant Johnson seeks or how it would tie into
6   the overall defense.  But not knowing that, we're on the eve
7   of trial, the government has made efforts to get this case up
8   to speed for trial.  So at this point it feels like a very
9   late request for something that not knowing what it will add
10  to the trial the government's position is it would not add
11  anything to the defense at trial.  So we would ask to go
12  forward on Monday.  Our witnesses are prepared, they're
13  subpoenaed.
14          THE COURT:  Yeah, no, I'm not happy about this.  But
15  I'll grant the continuance.  I believe this is material
16  information for the defense.  I'm just concerned that
17  Mr. Johnson is using this as delay.  I'm certainly not casting
18  any aspersions on you, Mr. Howard.  But I'm concerned about
19  it.  But we'll -- I'll grant it, but we're going to pick a
20  date reasonably soon.  So Mr. Howard, tell me your schedule,
21  if you would be so kind, about which -- for March and April.
22  And would you be available.  And this is still a jury trial,
23  Mr. Howard?
24          MR. HOWARD:  As of now I have --
25          THE COURT:  All right.  So tell me do you have

1    availability in March or April?
2             MR. HOWARD:  I have availability in all of April.
3             THE COURT:  Okay.  How about if we set this for
4    April 15th, government, how is that?
5             MS. LEDERER:  That works for the Government
6    attorneys, Your Honor.  If there are any witness issues we
7    will let the Court know as soon as possible, but I think we
8    might be okay for the 15th.
9             THE COURT:  Mr. Howard?
10            MR. HOWARD:  Yes.  That's a good date for us, Your
11   Honor.  And I appreciate the Court's courtesy.  And I realize
12   that it is unorthodox, this last minute request.  I would ask
13   the Court, and I understand the Court's concerns as to what
14   may be motivating this, but I would ask the Court not to
15   impugn any of it to Mr. Johnson, because he has been asking me
16   to obtain this phone and the fault lies solely with me.
17            THE COURT:  All right.  I'm going to set it for
18   March -- I'm sorry, April 15.
19            MR. HOWARD:  No continuances will be requested by
20   the defense.
21            THE COURT:  All right.  So then Mr. Johnson, you
22   need to get those potential passcodes to Mr. Howard
23   immediately.  Mr. Howard will provide them to the government.
24   Ms. Lederer, you need only obtain video from January 6th on
25   the phone.  That's the only relevant material that the defense

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

seeks.  And so I would ask that you download any January 6th video from the phone and make that available to the defense as soon as possible.

MR. HOWARD:  Thank you very much.

THE COURT:  Mr. Johnson, also -- I'm sorry, Mr. Howard, it's also the government's in limine motion that you had not responded to because you anticipated this to be a plea, so now there are certain of those that you may be happy not to oppose, some of the government requests are sort of many boilerplate requests, very typical in these cases, much of which has all has been granted, but maybe not all.  And so can you file your opposition within a few weeks of that?

MR. HOWARD:  I will do so, sir.

THE COURT:  All right.  So that's -- Nicole if you make a note, motion in limine due on -- due by March 7th.

THE CLERK:  Okay.  Judge, since the pretrial conference was converted to a status, do you want a new pretrial date?

THE COURT:  Yes, I do.  Can the government do April 3rd in the afternoon?  Actually, any time April 2nd or 3rd, Ms. Lederer?

MS. LEDERER:  Your Honor, I will be on a bench trial, but I presume that I would be able to make it over lunch.  And if not AUSA Krishnamurthy, if his calendar is clear he could cover the pretrial conference.

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

```
1          THE COURT:  Mr. Howard, is say 2:00 o'clock on April
2  3rd convenient to you?
3          MR. HOWARD:  Yes, it is, sir.
4          THE COURT:  All right.  We'll make it now April 3rd
5  for pretrial, 2:00 p.m.  And then any objection excluding time
6  under the Speedy Trial Act between today and the new trial
7  date, Mr. Howard.
8          MR. HOWARD:  No objection, Your Honor.
9          THE COURT:  All right.  I find it is in the interest
10 of justice to exclude time between today and April 15th.
11 Given that the trial continuance is counsel requested.
12         Okay.  Any other issues today, government?
13         MS. LEDERER:  Not at this time, Your Honor.
14         THE COURT:  Mr. Howard?
15         MR. HOWARD:  No, sir.
16         THE COURT:  Okay.  Thank you all.  We will see you
17 early April.  Thank you.
18         MR. HOWARD:  Thank you very much.
19         THE DEFENDANT:  Thank you, Your Honor.
20         (The proceedings were concluded at 10:50 a.m.)
21
           I, Christine Asif, RPR, FCRR, do hereby certify that
22 the foregoing is a correct transcript from the stenographic
   record of proceedings in the above-entitled matter.
23
                        _____/s/_____
24                         Christine T. Asif
                         Official Court Reporter
25
```

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter